[See Distilled Spirits, Case No. 3,923.]

---

## Case No. 203.

### ALLAIR v. The FRANCIS A. PALMER.

[3 Wkly. Law Gaz. No. 25.]

District Court, D. New York. 1859.

ADMIRALTY JURISDICTION—MARITIME LIENS.

[A contract by a plumber and coppersmith for materials and labor expended upon the construction of a ship is not a maritime one, and a lien therefor given by local law is not enforceable in admiralty. Ferry Co. v. Beers, 20 How. (61 U. S.) 393, 402, followed.]
[Cited in The Norway, Case No. 10,359.]
[See Roach v. Chapman, 22 How. (63 U. S.) 129; Edwards v. Elliott, 21 Wall. (88 U. S.) 532; The Lottawanna, Id. 558; The Belfast, 7 Wall. (74 U. S.) 624; The Edith, Case No. 4,283.]

In admiralty.

Owen & Vose, for libellants.
Mr. Van Vleck, for claimants.

NELSON, Circuit Judge. The libel in this case was filed to recover for materials furnished and labor done as plumber and coppersmith, upon, and in the construction of, the ship Francis A. Palmer. The materials were furnished and the work done at the request of William Perrine, the builder of the vessel, and who had charge of her at the time. The F. A. Palmer is described in the libel as a domestic vessel, and owned by per-

[1][From 23 Int. Rev. Rec. 351.]

sons resident in the city of New York. The libellant claims $782.79.

The principal question argued in the case was, whether or not Perrine, the builder, and at whose request the materials were furnished and the work done, was owner at the time; so as to bring the case within the statute of New York giving a lien to material men and laborers in the construction and equipment of vessels. It was insisted, on the part of the claimant, that he was not the owner, but that the title and the ownership were in Post, the person for whom the vessel was built, under the peculiar wording of the contract. This question has become immaterial since the decision of the case of the People's Ferry Co. of Boston v. Beers, 20 How. [61 U. S.] 393, 402. It was held that the admiralty jurisdiction did not extend to cases of liens claimed for work done, or materials furnished in the construction of ships; that the contract for building was not a maritime contract; nor did it involve rights and duties appertaining to commerce and navigation, in the sense of the law giving jurisdiction to the admiralty. This case was decided after full argument and a careful consideration of the question; and we must regard it as settling the point of jurisdiction in the case before us. For, if the court had no jurisdiction of the principal contract, for building the vessel, and this, on account of its nature and character, not being a maritime contract, it had not of the collateral or incidental contracts arising out of the construction. They must be regarded as partaking of the nature of the principal one; certainly, of no higher character in this respect. It may be said, however, that the statute of New York gives a lien to the material man and workman in this case, which distinguishes it from the case referred to. It is true that there was no statute in the state of New Jersey, where that vessel was built, giving a lien to the builder, but that circumstance in no way influenced the judgment of the court. The result would have been the same if a local lien had been given by the state law. The local lien attaches in no case within the admiralty law as heretofore expounded by the courts of the country, except where the contract is maritime in its nature and character. This was so decided soon after the courts recognized the local liens, and enforced them to the admiralty. It was so decided in the case of a libel by the master of a ship for his wages. [The Orleans v. Phoebus, 11 Pet. (36 U. S.) 175.] The lien was denied, though given by the local law. This question, as to the effect of local lien, will not be material hereafter, as the supreme court have decided not to recognize or adopt it in any cases arising or suits commenced, after the first of the present month. The rule of the court recognizing it was repealed, to take effect on that day. The decree of the court below is reversed, and the libel dismissed, for want of jurisdiction.